**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

GYPSUM RESOURCES, LLC, a
Nevada Limited Liability
Company,
                    *Plaintiff-Appellee,*

    v.

CATHERINE CORTEZ MASTO, in her
official capacity as Attorney
General of the State of Nevada
and her agents and successors,
                    *Defendant-Appellant,*

        and

DAVID ROGER; COUNTY OF CLARK;
BOARD OF COUNTY COMMISSIONERS
OF THE COUNTY OF CLARK,
                    *Defendants.*

No. 09-17849

D.C. No.
2:05-cv-00583-
RCJ-LRL
District of Nevada,
Las Vegas

ORDER
CERTIFYING
QUESTIONS TO
THE SUPREME
COURT OF
NEVADA

Filed October 31, 2011

Before: Richard A. Paez, Marsha S. Berzon, and
Carlos T. Bea, Circuit Judges.

---

## Certification Order

Pursuant to Nevada Rule of Appellate Procedure 5, we respectfully certify questions to the Nevada Supreme Court. The answer to these questions will be determinative of the matter pending before this court, and there is no clearly controlling precedent in the decisions of the Nevada Supreme Court.

19659

Submission of this case is vacated and all further proceedings are stayed pending receipt of an answer to the certified questions. The parties shall notify the Clerk of this court within one week after the Nevada Supreme Court accepts or rejects the certified questions, and again within one week after the Nevada Supreme Court renders its answers.

As further explained below, we respectfully certify the following questions to the Nevada Supreme Court:

1.   Does Nevada Senate Bill No. 358 (Act of May 19, 2003, ch. 105, 2003 Nev. Stat. 595) ("SB 358") violate article IV, § 20 of the Nevada Constitution?

2.   Does SB 358 violate article IV, § 21 of the Nevada Constitution?

3.   Does SB 358 violate article IV, § 25 of the Nevada Constitution?

4.   If SB 358 would otherwise violate article IV, sections 20, 21, or 25 of the Nevada Constitution, does it fall within an applicable exception and so remain valid?

We recognize that the Nevada Supreme Court may rephrase the question as it deems necessary. *Palmer v. Pioneer Inn Assocs. Ltd.*, 59 P.3d 1237, 1238 (Nev. 2002) (rephrasing and answering our certified question).

## Summary and Facts

Defendant-Appellant Catherine Cortez Masto, in her official capacity as Attorney General for the State of Nevada, appeals to this court from an order by the district court granting a motion for partial summary judgment filed by Plaintiff-Appellee Gypsum Resources, LLC ("Gypsum"), and denying Appellant's cross-motion for partial summary judgment on the same issues. ER 4-32. The district court held that SB 358

is unconstitutional under article IV, §§ 20, 21, and 25 of the Nevada Constitution.[1] Gypsum's remaining claims, including its federal claims, were dismissed pursuant to a stipulation, making the order granting partial summary judgment a final judgment.

In 2003, Gypsum bought 2400 acres in Clark County, Nevada, on the site of an abandoned gypsum mine. ER 155-58. Gypsum's property lies adjacent to the Red Rock Canyon National Conservation Area of the Spring Mountains National Recreation Area. ER 156. Gypsum's land was zoned as a rural area to allow the building of no more than one house on every two acres. ER 157. Also in 2003, the local, state and federal officials discussed the possibility of buying Gypsum's land to include it within the Red Rock Canyon National Conservation Area, but the Bureau of Land Management did not want to take responsibility for the land due to its damaged condition from its days as a mine.

Gypsum intended to seek a zoning variance to allow it to develop the land for both houses and commercial uses. ER 157. Before it could seek such a variance, the Nevada legislature enacted SB 358.

SB 358 § 8 provides:

> With respect to the Spring Mountains National Recreation Area, a local government:
>
> 1.    Shall not, in regulating the use of those lands:

---

[1]The district court also mentioned Clark County Ordinance No. 2914 ("CCO 2914") throughout its order. In its final pronouncement, however, the district court granted Gypsum's motion for summary judgment as to causes of action four and five in the complaint. ER 32. Causes of action four and five relate only to whether SB 358 is unconstitutional. They do not mention CCO 2914. ER 173-79.

(a) Increase the number of residential dwelling units allowed by zoning regulations in existence on the effective date of this act, unless such an increase can be accomplished, within a given area, by the trading of development credits or another mechanism that allows a greater number of residential dwelling units to be constructed in that area without increasing the overall density of residential dwelling units in that area;

(b) Establish any new nonresidential zoning districts, other than for public facilities; or

(c) Expand the size of any nonresidential zoning district in existence on the effective date of this act, other than for public facilities.

2. May regulate matters to include, without limitation, landscaping, buffering, screening, signage and lighting.

3. Retains all other authority regarding planning, zoning and regulation of uses of land.

SB 358 § 8. The Spring Mountain Recreation Area is located entirely within Clark County. Pursuant to SB 358, Clark County enacted CCO 2914, which is virtually identical to SB 358 § 8.

The Nevada Constitution contains the following relevant sections:

Article IV, §§ 20, 21 and 25 of the Nevada Constitution provide:

20. Certain local and special laws prohibited.

The Legislature shall not pass local or special laws . . . [r]egulating county and township business.

21. General laws to have uniform application.

In all cases enumerated in the preceding section, and in all other cases where a general law can be made applicable, all laws shall be general and of uniform operation throughout the State.

25. Uniform county and township government.

The Legislature shall establish a system of County and Township Government which shall be uniform throughout the State.

NEV. CONST. art. IV, §§ 20, 21, 25.

The district court found that SB 358 § 8 violates Article IV, §§ 20, 21, and 25 of the Nevada Constitution because it constitutes local laws that regulate county business. ER 4-32.

## Federal Court Jurisdiction

Because this case now involves solely a state law question, one obvious question the reader may have is how the case came to be in our court. The district court had original jurisdiction over this action under 28 U.S.C. § 1331 because Gypsum brought claims under 42 U.S.C. § 1983 alleging that SB 358: (1) violates its federal right to due process under the Fourteenth Amendment to the United States Constitution by "eliminating any process by which Plaintiff may apply for zoning relief available to other property owners, and further deprive[s] Plaintiff of his right to substantive due process because the action of defendants is capricious and motivated by the improper purpose of devaluing Plaintiff's property;"

(2) violates its federal right to equal protection under the Fourteenth Amendment to the United States Constitution of the laws by treating the zoning of Gypsum's land differently from that of all other land located in Nevada; and (3) constitutes an unconstitutional taking of property under the Fifth and Fourteenth Amendments to the United States Constitution, alleging that the purpose of SB 358 and CCO 2914 is to so devalue Gypsum's property that the state will then be able to condemn the property at a greatly reduced price. ER 165-71. The district court thus had supplemental jurisdiction over Gypsum's state law claims. 28 U.S.C. § 1367.

In the order under review, filed on November 24, 2009, the district court not only granted summary judgment in favor of Gypsum on its state law claims as described above, it also (1) denied the Attorney General's motion for summary judgment on Gypsum's federal equal protection claim, holding that there was a triable issue of fact as to whether SB 358 deprived Gypsum of the equal protection of the laws by treating Gypsum's land differently from all other land in Nevada; (2) denied the Attorney General's cross-motion for summary judgment on the state law claims that are the subject of this appeal; and (3) granted the Attorney General's motion for partial summary judgment as to Gypsum's federal substantive due process claims, holding that Gypsum had no substantive due process right to apply for a zoning variance. ER 20-28.

After entry of the court's November 24, 2009 order, the parties entered into a stipulation on April 22, 2010, in which Gypsum agreed to dismiss all its remaining federal claims (the § 1983 claims for equal protection and inverse condemnation; the latter had not been the subject of any summary judgment motion) as moot in light of the district court's prior order invalidating SB 358 on state law grounds. Thus, the district court's November 24, 2010 order became final and appealable, and the only claims left in the case are Gypsum's state law claims. *See* 28 U.S.C. § 1367.

Because this case now involves the constitutionality of a Nevada state statute under the Nevada Constitution, we respectfully request that the Nevada Supreme Court accept and decide whether SB 358 violates the Nevada Constitution, art. IV, §§ 20, 21, or 25. We agree that "[t]he written opinion of the [Nevada] Supreme Court stating the law governing the questions certified . . . shall be res judicata as to the parties." Nev. R. App. P. 5(h).

The Clerk of this court shall forward a copy of this order, under official seal, to the Nevada Supreme Court, along with copies of all briefs and excerpts of record that have been filed with this court.

**IT IS SO ORDERED.**

Respectfully submitted, Richard A. Paez, Marsha S. Berzon, and Carlos T. Bea, Circuit Judges.

### Parties to the Proceeding and Counsel Listing

Defendant-Appellant: Catherine Cortez Masto, in her official capacity as Attorney General of the State of Nevada and her agents and successors.

Attorneys for Defendant-Appellant:

Catherine Cortez Masto
Attorney General
Bryan L. Stockton
Senior Deputy Attorney General
100 North Carson Street
Carson City, Nevada 89701
Tel. (775) 684-1228
Fax: (775) 684-1103

Plaintiff-Appellee: Gypsum Resources, LLC, a Nevada Limited Liability Company.

Attorneys for Plaintiff-Appellee:

Edward G. Burg
George M. Soneff
Manatt, Phelps & Phillips, LLP
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Tel. (310) 312-4000
Fax. (310) 312-4224

Amicus Curiae: The Nevada Legislature

Attorneys for Amicus Curiae:

Brenda J. Erdoes
Legislative Counsel
Kevin C. Powers
Senior Principal Deputy Legislative Counsel
Nevada Legislative Counsel Bureau, Legal Division
401 Carson Street
Carson City, Nevada 89701
Tel. (775) 684-6830
Fax. (775) 684-6761